Original,
No. 4763.

STATE *ex rel* JOSEPH REGAN & a.

*v.*

SUPERIOR COURT.

Argued June 16, 1959.

Decided July 10, 1959.

*Louis C. Wyman,* Attorney General and *William J. O'Neil,* Law Assistant (*Mr. Wyman* orally), for the State.

*Julius Soble* (of Massachusetts), *Ira A. Marcus, Leo Patrick McGowan* and *John P. Bourcier* (all of Rhode Island), and *Leonard & Leonard* (*Mr. Richard W. Leonard, Mr. Soble* and *Mr. McGowan* orally), for the respondents Martineau and Nelson.

DUNCAN, J. Pursuant to RSA 517:13, the chief of police of Nashua and two of his subordinates were summoned to give their depositions in the criminal cases pending against Martineau and Nelson. The subpoenas required the witnesses to produce at the depositions "all written statements, investigations, reports and laboratory reports" in their possession. Upon their failure to

produce the specified documents, an order of the Trial Court was sought, and obtained under date of May 29, 1959. The order required the Attorney General to produce certain photographs previously examined by respondent's counsel. It further ordered the police officers to produce at the taking of their depositions "investigations reports and records and laboratory reports" exclusive of "recordings made of conversations of [between?] the defendants." The witnesses were further ordered to "answer all questions on their depositions which would not call for opinion or hearsay evidence."

The State's petition alleges that it has no remedy by which it may preserve its right not to disclose its case and the names of witnesses in advance of trial, and that the "tremendous breadth" of the order is without warrant in any authority.

The respondents, while asserting that the order was within the discretion of the Superior Court, have insisted from the outset that prohibition will not lie, whether the order is erroneous or not, because the matter. was clearly within the jurisdiction of the Trial Court.

In similar circumstances, the New York Court of Appeals expressed the view that the State might have a writ of prohibition. *People ex rel Lemon* v. *Supreme Court*, 245 N. Y. 24, 35. See *Petition of Di Joseph*, 394 Pa. 19. The form of the remedy need not delay consideration of the validity of the order entered below. If some other form of remedy is more appropriate, the petition may be amended if need be. It is sufficient that under the supervisory power (RSA 490:4) we may examine the merits of the contention advanced. "It is not important what name is applied to this proceeding. To call it [prohibition] does not limit or abridge the superintending power of the court over the inferior tribunal whose proceedings are under consideration." *Attorney General* v. *Littlefield*, 78 N. H. 185, 190, 191. See *Boody* v. *Watson*, 64 N. H. 162; *Cloutier* v. *State Milk Control Board*, 92 N. H. 199, 202.

The principal dispute centers upon the provisions of the order requiring the production of documents by the witnesses whose depositions have been suspended. These are to include "investigations reports and records and laboratory reports." The order indicates that not all requests of the respondents were granted, and by implication it is inferable that it does not extend to "statements" of witnesses, which the subpoena sought to have produced.

In criminal cases, no "right" to inspection of objects or writings

in advance of trial existed at common law. VI Wig. Ev. (3d *ed.*) *ss.* 1850, 1859g. *People ex rel Lemon* v. *Supreme Court, supra.* No such right has been conferred by statute in this jurisdiction. In 1869, the year in which persons charged with crime were first admitted to testify despite their interest (Laws 1869, *c.* 23, now RSA 516:31, 32), a respondent was given the right by statute to "take the deposition of any person in his defense." Laws 1869, *c.* 24, now RSA 517:13, 14. At that time, as now, by express statutory provision no party in a civil action could be "compelled, in . . . giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his case, nor . . . to produce any writing which is material to his case or defense, unless the deposition is taken in his own behalf." G. S. (1867) *c.* 209, *s.* 14, now RSA 516:23. Then as now, a respondent "indicted for an offense the punishment of which may be death" was entitled to "a list of the witnesses to be used . . . on the trial . . . to be delivered to him twenty-four hours before the trial . . . . " G. S. (1867) *c.* 243, *s.* 1, now RSA 604:1. Hence it must be inferred from the absence of any reference to the production of writings or the disclosure of names of witnesses on deposition in criminal cases, that no rights beyond those expressly granted were intended to be conferred.

The nature of the reports and records, production of which is sought in this case, does not appear; nor is there any indication as to whether they were obtained while the police represented the State in the proceedings, or were procured under the direction of the Attorney General after he took charge of the prosecution. In either case they became the property or work product of the State as a party, and as such would have been privileged from discovery even under the rule of procedure in civil cases. See *Petition of Snow,* 75 N. H. 7.

No authority has been cited by the respondents, and none has been found, which would support the order entered by the court below. On the other hand ample authority exists for the proposition that the production of records and objects in the custody of the police may not be required in advance of trial.

This has repeatedly been held in New York. *People* v. *Gatti,* 4 N. Y. S. (2d) 130 (Ct. Gen. Sess. 1938) (pistol and fingerprints); *Application of Hughes,* 41 N. Y. S. (2d) 843 (Sup. Ct. 1943) (ballistics and medical reports); *Mulry* v. *Beckmann,* 69 N. Y. S. (2d) 43 (Sup. Ct. 1947), aff'd 272 N. Y. App. Div. 780 (police

blotter, reports, and other records) ; *People* v. *Jordan,* 128 N. Y. S. (2d) 457 (Ct. Gen. Sess. 1953) (autopsy, ballistics and fingerprint reports) ; *People* v. *Marshall,* 5 N. Y. App. Div. (2d) 352 (1958) (police files, reports, and statements). Under the law of New York even though the trial may have commenced, the right of inspection does not necessarily accrue at once. "Justice will sometimes be promoted if disclosure of the contents is withheld till the fabric of the proof shall be more fully and closely woven. The rights of a defendant will generally be sufficiently protected if inspection is permitted before the case is closed." *Cardozo,* Ch. J., in *People* v. *Miller,* 257 N. Y. 54, 59.

The reasons behind the reluctance of legislatures to modify the common law are not far to seek. "In criminal proceedings long experience has taught the courts that often discovery will lead not to honest fact-finding, but on the contrary to perjury and suppression of evidence . . . To permit unqualified disclosure . . . would defeat the very ends of justice." *Vanderbilt,* C. J. in *State* v. *Tune,* 13 N. J. 203, 210, 211.

"At such a stage of the contest, a remedy so drastic is within the condemnation of the rule that inspection may not be had for the sole purpose of prying into the case of one's opponent . . . The documents to be exhibited to this defendant are not evidence for anyone . . . A mandate giving them publicity is something more than error in the exercise of power. It is an assumption of power where none had been confided." *Cardozo,* Ch. J. in *People ex rel Lemon* v. *Supreme Court,* 245 N. Y. *supra,* 34. See also, opinions of *L. Hand,* J. in *United States* v. *Garsson,* 291 Fed. 646, 649 (D. C. S. D. N. Y. 1923), and *United States* v. *Dilliard,* 101 F. 2d 829, 837 (2d Cir. 1938).

The federal practice under the Rules of Criminal Procedure (Rules 16, 17 (c) ) closely limits discovery. "Fishing expeditions" are not permitted. *United States* v. *Haug,* 21 F. R. D. 22, 26 (D. C., N. D. Ohio 1957). The evidence sought for inspection must be admissible in evidence. *Bowman Dairy Co.* v. *United States,* 341 U. S. 214. Statements of witnesses and reports are not required to be produced. *United States* v. *Palermo,* 21 F. R. D. 11 (D. C., S. D. N. Y. 1957).

Decisions of the United States Supreme Court announced on June 22, 1959, plainly indicate that the order entered in the case before us was "far more sweeping than that involved in [*Jencks* v. *United States,* 353 U. S. 657] and under circumstances far removed

from those of that case." *Palermo* v. *United States,* 79 S. Ct. 1217, 1221, 1222. Passage of the so-called "Jencks Act" (18 U. S. C. (Supp. V) *s.* 3500) indicates that the federal law with reference to production of statements in the possession of government agents is tending toward restriction rather than liberalization in the criminal field. *Id.* See also, *Rosenberg* v. *United States,* 79 S. Ct. 1231; *Pittsburgh Plate Glass Co.* v. *United States,* 79 S. Ct. 1237.

The law of Massachusetts does not vary materially from that disclosed by the New York decisions. *Commonwealth* v. *Jordan,* 207 Mass. 259; *Commonwealth* v. *Galvin,* 323 Mass. 205.

Other jurisdictions take a similar view. *State* v. *Tune,* 13 N. J. 203, *supra; State* v. *Di Noi,* 59 R. I. 348; *Walker* v. *People,* 126 Colo. 135, 160-163. See also, *State* v. *Zimnaruk,* 128 Conn. 124; *State* v. *Truba,* 88 Vt. 557.

In determining the validity of the order entered by the Court below, we are hampered by lack of any showing of the nature of the writings ordered to be produced, or of their materiality. While we are not disposed to hold that in no instance may the Trial Court ever require the production before trial of objects or writings in the possession of the prosecution this is not shown to be a case for such an order. The statute indicates the limits of the State's duty with respect to the names of witnesses. The requirements of the Constitution relied upon by the respondents will be satisfied by the production of material evidence at the trial. N. H. Const., Pt. I, *Art.* 15th.

We do not hold the Court to be without power, in the exercise of reasonable discretion and to prevent manifest injustice, to require the production of specific objects or writings for inspection under appropriate safeguards and at a time appropriately close to the time of trial, if it should appear that otherwise essential rights of the respondents may be endangered or the trial unnecessarily prolonged. Circumstances under which such a necessity might arise are not readily envisioned in advance. See *State* v. *Di Noi,* 59 R. I. 348, 357, *supra; People ex rel Lemon* v. *Supreme Court,* 245 N. Y. 24, *supra,* 32, 33. Conceivably writings so material as to be the very "subject of the charge" (*People ex rel Lemon* v. *Supreme Court, supra,* 29) may be required to be produced in advance of trial. *Bass* v. *United States,* 239 F. (2d) 711 (6th Cir. 1957). Justice might be thought to require that a respondent be permitted to inspect the corpse of a victim or an autopsy report.

Beyond such essential matters, the rights of the accused to inspection in advance of trial do not go.

The parties are enjoined and restrained from enforcing the order of the Trial Court in so far as it requires production of writings for inspection. So far as it relates to the testimony of police on deposition, it may stand with the qualification that the witnesses shall not be required to disclose the names of witnesses, or the manner in which the State proposes to prove its case.

*Case discharged.*

All concurred.