Rockingham,
No. 5287.

## Paul Garabedian &a. v. Donald William, Inc.

Argued December 2, 1964.
Decided February 26, 1965.

*James A. Sayer, Jr.* and *Wayne J. Mullavey* (*Mr. Sayer* orally), for the plaintiffs.

*Shute & Engel* (*Mr. David C. Engel* orally), for the defendant.

KENISON, C.J.   The questions presented are whether the Trial Court had authority to dismiss the plaintiffs' bill in equity for want of prosecution and if so, whether there was an abuse of discretion in the exercise of that authority.

The inherent rule-making authority of courts of general jurisdiction in this state to prescribe rules of practice and rules to regulate their proceedings "as justice may require" has an ancient lineage supported by consistent custom, recognized by statute and enforced by numerous judicial precedents. *Deming* v. *Foster,* 42 N. H. 165, 178, 179.  Annot. 110 A.L.R. 22, 26, 31;  *LaCoss* v. *Lebanon,* 78 N. H. 413, 417, and cases cited; *Merchants Nat. Bank* v. *Sullivan,* 98 N. II. 151;  Note, Doe of New Hampshire:  Reflections on a Nineteenth Century Judge, 63 Harv. L. Rev. 513, 514-516 (1950).  The matter has been succinctly summarized by a careful legal historian in the following language:  "Thus the rule-making power was firmly established over three hundred years ago.  A statute in 1701 confirmed the ancient power which has never been lost." Page, Judicial Beginnings in New Hampshire, 1640-1700, *p.* 43 (1959). See 1 Laws of New Hampshire, 702, 703 (1904);  RSA 491:10; RSA 490:4.  "Courts of justice have power, as a necessary incident to their general jurisdiction, to make such orders in relation to the cases pending before them, as are necessary to the progress of the cases and the dispatch of business." *Deming* v. *Foster, supra,* 178.   See *Streeter* v. *New England Box Company,* 106 N. H. 146 (decided this day).  More than a century ago it was decided in *Clement* v. *Wheeler,* 25 N. H. 361, that where the Court's orders in the progress of a suit in equity are disregarded by complainant, the Court, in its discretion, may dismiss the bill or allow further time.  Annot. 4 A.L.R. 2d 348. We conclude that the Court had the authority to dismiss the plaintiffs' bill in equity for want of prosecution and for failure to comply with the Court's order to file an agreed statement of facts pursuant to the written stipulation of counsel.

Although the Supreme Court has the power to reverse an order of dismissal (RSA 490:4) for an abuse of discretion, it is necessary from time to time for an appellate court to remind itself

that it "has to operate in the partial vacuum of the printed record." Frank, Courts on Trial 23 (1949). In the present case we do not know what transpired in the conferences and hearings before the three Trial Judges that considered the history of this litigation. On the record before us we cannot say that there has been any abuse of discretion. Bowers, Judicial Discretion of Trial Courts, s. 109 (1931). Today, more than in the past, congestion, delay and calendar control present difficult problems for Trial Courts. If the Presiding Justice is to be more than a mere automaton at the game of litigation (1 Wigmore, Evidence, s. 21, p. 374) and is expected to assist in dealing with the problems of congestion, delay and calendar control in his court he should not be deprived of all muscular power to deal with the problems effectively. The sanction of dismissal is one of the tools that have been devised and used as a means of effecting the orderly dispatch of judicial business. Levin and Woolley, Dispatch and Delay 25-31 (1961).

In this litigation the Court dismissed the equity actions of the plaintiffs and the defendant, leaving the three actions at law on the docket. The dismissal is thus partial but there is no requirement that the sanction of dismissal must encompass the entire litigation. The record on appeal does not demonstrate that the Court acted without authority or abused its discretion. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link* v. *Wabash Railroad Co.*, 370 U. S. 626, 630-631.

*Plaintiffs' exceptions overruled.*

DUNCAN, J., did not sit; the others concurred.