STATE

*v.*

ALBERT HENRY HEALEY.

Argued May 5, 1965.
Decided May 24, 1965.

*William Maynard,* Attorney General, and *William F. Batchelder,* special counsel (*Mr. Batchelder* orally), for the State.

*Alfred Catalfo, Jr.* and *N. George Papademas* (by brief and orally), for Albert Henry Healey.

LAMPRON, J. It is now well settled in this jurisdiction that the Trial Court has the inherent power in its discretion to compel discovery in a criminal case if the interests of justice so require. *State* v. *Superior Court,* 106 N. H. 228. The rulings on the motions in this case were entered by the Trial Court prior to the cited decision. The need by the defendant before trial for documents or information sought in order to insure an adequate preparation of his case for the safeguard of his essential rights has been recognized as a basis for the granting of discovery under proper circumstances. *State ex rel Regan* v. *Superior Court,* 102 N. H. 224, 229. In exercising its discretion, the Trial Court is to consider, under the circumstances of the case, the defendant's need of the discovery sought to properly defend himself and the adverse effect which such discovery might have on the proper prosecution of the offense. *State* v. *Cook,* 43 N. J. 560.

On June 22, 1964, at the request of the State, a Justice of the Superior Court ordered the defendant committed to the New Hampshire Hospital for observation as to his sanity under the provisions of RSA 135:17. He was later discharged and a report made to the Court that he was competent to face trial for the charges against him. Defendant's counsel filed a motion to obtain a copy of the medical reports of the Hospital pertaining to this confinement.

The State argues that these records are not discoverable because they are its work product, and because they contain information gathered from different State and local agencies. To turn over these records to the defendant, it is argued, "would be in a sense turning over the State's brief case." The defendant maintains that access to these records before trial is essential to the protection of his rights.

The "work product doctrine is concerned with protecting a

party's trial preparations from disclosure under the modern discovery procedures." 62 Mich. L. Rev. 1199, 1200. Under RSA 135:17 the Court on its own motion or upon notification by either party may order such a commitment. We fail to see how the hospital records resulting therefrom can be classified as the work product of the State and nondiscoverable for that reason when the report of an autopsy made under the provisions of RSA 611:10-14 is not so classified. *State ex rel Regan* v. *Superior Court,* 102 N. H. 224, 229. Furthermore we are of the opinion that counsel for the defendant could, in the discretion of the Trial Court, afford the defendant the benefit of such portions of the reports and records made by the doctors or by the hospital during defendant's commitment, as may be necessary for counsel to intelligently advise as to defendant's defense and properly prepare for his trial and which will not unduly interfere with the prosecution of the case. *State* v. *Cook,* 43 N. J. 560. See "Second Preliminary Draft of Proposed Amendments to Rules of Criminal Procedure for the United States District Courts" (Rule 16 (a) (2)), 34 F. R. D. 411, 421, 422 (March 1964). The Trial Court may inspect these documents, and excise or withhold from the defendant any part thereof not deemed necessary to be disclosed for the protection of the defendant's essential rights.

All of the above principles and considerations apply similarly to defendant's motion to procure a copy of the report of the State Fire Marshal. RSA 153:11. Such portions of such report as contain the Marshal's conclusions with respect to the cause and origin of the fire in Lebanon can be made available to the defendant if justice requires by the Trial Court in its discretion at a time reasonably close to trial and with proper safeguards by excising or withholding any part which might unduly hamper the prosecution if given to the defendant in advance of trial.

Defendant's counsel also filed "a motion to procure names of witnesses." The State in opposing this motion relied on RSA 604:1. This statute provides that "every person indicted for an offense, the punishment of which may be death, shall be entitled . . . to a list of the witnesses to be used . . . with the place of abode of each, to be delivered to him twenty-four hours before the trial."

So far as appears the purpose of this motion was to ascertain by deposition what statements or admissions, if any, were made by the defendant when interrogated at the Lebanon police station on the night of June 20-21, 1964. It was held in *State* v. *Superior*

*Court*, 106 N. H. 228, 231 "that the Trial Court had the power in its discretion if justice required to order the discovery and inspection of any written confession or statement made by the defendant, or any recording or stenographic notes of the same, whether such confession or statement was signed by the defendant or not." Defendant's motion "to procure names of witnesses" was properly denied.

Defendant also filed motions to have a "state witness" submit himself to a lie detector test and to a psychiatric examination. These motions were properly denied. This person, a young man, is alleged by the defendant to have made the charges against him and to have testified before the grand jury which returned these indictments. We find no statute entitling the defendant to an order compelling this individual to submit to a lie detector test or to a psychiatric examination. *Wedmore* v. *State*, 237 Ind. 212. See *State* v. *LaForest*, 106 N. H. 159.

*Remanded.*

All concurred.