Rockingham,
No. 5849.

STATE

*v.*

MATTIE MAE CHASE.

Argued January 7, 1969.
Decided January 31, 1969.

*George S. Pappagianis,* Attorney General and *Henry F. Spaloss,* Assistant Attorney General (*Mr. Spaloss* orally), for the State.

*Arthur J. Reinhart* (by brief and orally), for the defendant.

KENISON, C. J.   The defendant was indicted for aggravated assault (RSA 585:22 (supp); 1965, 95:1) committed on May 16, 1967 and was found guilty thereof by a jury on December 7, 1967. After verdict, her counsel filed a motion for a new trial alleging violation of her constitutional rights. The motion is based on the fact that the State on cross-examination inquired of the defendant, on the issue of credibility, whether she had

been convicted previously of aggravated assault and the defendant alleges that it now appears that she was not represented by counsel at the preliminary hearing on this prior offense of aggravated assault. The question and answer were as follows: Q. "Are you not the same Mattie Mae Chase that was convicted in 1957 of aggravated armed assault in the State of New Hampshire?" A. "Yes." The record discloses that the defendant appeared without counsel in the Portsmouth municipal court in 1957, pleaded not guilty and waived the preliminary hearing. The defendant was represented by counsel in the Superior Court in 1957 when she was convicted of aggravated assault. The motion for a new trial was denied by the Court (*Grant,* J.) and the defendant's exception was reserved and transferred ·to this Court.

The defendant's right to have counsel in criminal proceedings is guaranteed by both the State and Federal Constitutions. *State* v. *Herbert,* 108 N. H. 332; *Gideon* v. *Wainwright,* 372 U. S. 335; *Burgett* v. *Texas,* 389 U. S. 109. The right to the assistance of counsel is not confined to trial (*Gideon* v. *Wainwright, supra*) and to an appeal (*Douglas* v. *California,* 372 U. S. 353) but includes certain arraignments (*Hamilton* v. *Alabama,* 368 U. S. 52; *Walton* v. *Arkansas,* 371 U. S. 28) and some preliminary hearings if they constitute a critical stage of the criminal proceedings. *White* v. *Maryland,* 373 U. S. 59. In this state the preliminary hearing is not a judicial trial of the issue of guilt or innocence of the accused but rather is a judicial inquiry to determine whether probable cause exists for the accused to be bound over to a grand jury. *State ex rel McLetchie* v. *Laconia District Court,* 106 N. H. 48. Unlike *Hamilton* v. *Alabama, supra,* no rights are forfeited and no defenses are waived in this state by failure to assert them in the district or municipal courts.

In this jurisdiction both by practice and statutory directive the defendant at a preliminary hearing in a district or municipal court is not called upon to plead if the offense is beyond the jurisdiction of the court to decide and may waive the preliminary examination. RSA 596-A:4, 7 (supp). A preliminary hearing may be a critical stage of the criminal proceedings as a matter of law because of a state's procedural rules (which is not true in this state) or because of the events that occurred at the hearing which are likely to prejudice the trial. *Pointer* v. *Texas,* 380 U. S. 400. This case is unlike the situation in *White* v. *Mary-*

*land,* 373 U. S. 59 and *Arsenault* v. *Massachusetts,* 89 S. Ct. 35 (1968) reversing *Arsenault* v. *Commonwealth* (Mass.), 233 N. E. 2d 730, where there was a plea of guilty at the preliminary hearing which was introduced in evidence at the trial.

Many jurisdictions provide for the appointment of counsel at or before the preliminary hearing and this is the generally recommended procedure. Silverstein, Defense of the Poor 75, 83-86 (1965); Hunvald, The Right to Counsel at the Preliminary Hearing, 31 Mo. L. Rev. 109 (1966); ABA Project on Minimum Standards for Criminal Justice; Standards Relating to Providing Defense Services, 44-45 (1967). While our present law which covers misdeméanors as well as felonies and provides for the appointment of counsel in any court is consistent with these recommended procedures (RSA ch. 604-A (supp)), the question to be decided in this case is whether the failure to appoint counsel in 1957 at a preliminary hearing was prejudicial and a denial of due process under the circumstances. We conclude that it was not. *Pointer* v. *Texas,* 380 U. S. 400, 402-403. The 1957 preliminary hearing resulted in no plea of guilty and no plea of guilty was referred to in any subsequent proceeding. The only question the accused was asked at the trial in this case was whether she had been convicted in 1957 for aggravated assault. At the time she was convicted she was represented by counsel. Nothing occurred at the preliminary hearing in 1957 which in any way prejudiced defendant's rights. In the circumstances of this case *Hamilton* v. *Alabama,* 368 U. S. 52; *White* v. *Maryland,* 373 U. S. 59 and *Arsenault* v. *Massachusetts,* 89 S. Ct. 35 (1968) are not controlling.

*Exception overruled.*

All concurred.