Hillsborough,
No. 5775.

PAUL SMITH

*v.*

THOMAS F. O'BRIEN, *Sheriff.*

Submitted March 5, 1969.
Decided March 20, 1969.

*Richard W. Leonard,* for the plaintiff.

*George S. Pappagianis,* Attorney General and *David H. Souter,* Assistant Attorney General, for the defendant.

DUNCAN, J. The plaintiff's petition for habeas corpus alleges that he has been "deprived . . . from the benefit of a probable cause hearing, a record of the same and the right to show his innocence of the crime charged." His brief asserts that he has a constitutional and statutory right to a probable cause hearing which was violated when a "secret indictment" was obtained before such a hearing was held.

The petition arises out of the following circumstances. The plaintiff was arrested on December 31, 1967, and charged with breaking, entering, and larceny, under RSA 583:3. He appeared before the Nashua district court on January 2, 1968 and the preliminary hearing was continued to January 8, 1968, in part because he was without counsel. See RSA 596-A:1, 3 (supp). On January 3, 1968 he was indicted for the same offense. The

proceedings in the district court were thereafter discontinued, and no preliminary hearing has been held. However on January 8, 1968 the plaintiff herein filed this petition, seeking his release, and dismissal of the indictment.

Upon hearing, the Superior Court (*Dunfey,* J.) denied the request to dismiss the indictment, subject to the plaintiff's exception. The questions of law thereby presented were reserved and transferred by the Presiding Justice.

As this court has recently had occasion to observe, the purpose of a preliminary hearing in this jurisdiction is "to determine that an offense has been committed and that there is probable cause to believe the defendant has committed it." *State ex rel McLetchie* v. *Laconia District Court,* 106 N. H. 48, 50. The hearing is not a judicial trial of the issue of guilt or innocence, a question which the district court has no jurisdiction to determine. *Id*; RSA 502-A:11, 13; 596-A:7 (supp). Hence that court is not called upon to reconcile any conflicting testimony, or judge the credibility of witnesses. See *People* v. *McKee,* 73 Cal. Rptr. 112, 116.

The plaintiff calls attention to the provisions of RSA 594:20-a (supp), 23 and RSA 596-A:2 (supp) and argues that the probable cause hearing "is the best weapon that the defendant will ever have to prepare a defense to a felony." He urges that postponement of such a hearing in order to obtain an indictment is deceitful, unjust, and a denial of due process.

Contrary to the implications of the plaintiff's argument, the preliminary hearing is not provided for the purpose of affording the accused an opportunity for discovery. *Sciortino* v. *Zampano,* 385 F. 2d 132 (2d Cir. 1967), *cert den.* 390 U. S. 906; *United States* v. *Amabile,* 395 F. 2d 47, 53-54 (7th Cir. 1968); *Foster* v. *Commonwealth,* (Va.) 163 S. E. 2d 565. See *State* v. *Myal,* 104 N. H. 188; *Arlen* v. *Keene District Court,* 109 N. H. 331. Its purpose is to determine whether probable cause exists for his detention pending grand jury action. *State* v. *Chase,* 109 N. H. 296. If the grand jury indicts before the hearing is held, the occasion for a hearing no longer exists. *State* v. *Jackson,* 43 N. J. 148, 165; *State* v. *Singleton,* (La.) 215 So. 2d 838, 840. The accused is thereafter detained to answer to the indictment.

No authority has been cited to support the view that an indictment is invalid unless preceded by prior arrest and a probable cause hearing. To the contrary, ample authority sustains the

proposition that an accused has no constitutional right that a preliminary hearing shall precede indictment. *Hale* v. *Henkel,* 201 U. S. 43; *United States ex rel Kassin* v. *Mulligan,* 295 U. S. 396. See also, *Jaben* v. *United States,* 381 U. S. 214, 220; *State* v. *Jackson, supra*; *State* v. *Stallings,* 25 Conn. Supp. 386, aff'd., 154 Conn. 272.

Dismissal of the indictment was properly denied. *Foster* v. *Commonwealth* (Va.) 163 S. E. 2d 565, *supra*; *State* v. *Stallings, supra*; *State* v. *War,* 38 N. J. Super. 201. There was no denial of due process in the circumstance that the indictment superceded the proceedings in the district court before the preliminary hearing could be held. *State* v. *Jackson, supra.*

*Exception overruled; petition denied.*

LAMPRON, J., did not sit; the others concurred.