110 N.H. 73 (1969)
STATE
v.
VINCENT J. SCHENA.
No. 5908.
Supreme Court of New Hampshire.
December 30, 1969.
George S. Pappagianis, Attorney General, Henry F. Spaloss, Assistant Attorney General, and Richard A. Hampe, Attorney (Mr. Hampe orally), for the State.
Thomas S. Allison, Jr. (by brief and orally), for the defendant.
DUNCAN, J.
By indictment returned on September 23, 1968, the defendant was charged with sale of marijuana on April 24, 1968, at Plaistow, to one Donald P. Bazin of Nashua, in violation of RSA 318-A:2. Following a plea of not guilty, the defendant moved to quash the indictment; to require the State to furnish the names and addresses of witnesses to be called by the State, including "the name of a so-called juvenile informer whose identity is known only to the County Attorney"; and for leave to take "oral depositions of all witnesses or any witness involved in this action." The motions were severally denied by the Trial Court (Morris, J.) on November 18, 1968, subject to the defendant's exceptions. The questions of law presented by the exceptions were reserved and transferred by the Presiding Justice.
The motion to quash alleged as grounds therefor the unconstitutionality *74 of RSA 318-A:2, for reasons substantially the same as those advanced in support of a like motion considered by this court in State v. Berge, 109 N. H. 570, 258 A. 2d 489. As there stated, the issues raised are moot by reason of the repeal of RSA ch. 318-A, effective August 31, 1969, by RSA ch. 318-B (supp). Laws 1969, 421:2. Accordingly, the defendant's exception to denial of his motion to quash is overruled. State v. Berge, supra.
His exceptions to denial of his two other motions are likewise overruled. In the denial of the motion that the State be required to furnish a list of the State's witnesses and their addresses, no abuse of discretion is evident. State v. Healey, 106 N. H. 308, 310, 210 A. 2d 486. See State ex rel Regan v. Superior Court, 102 N. H. 224, 153 A. 2d 403. The motion advanced no reasons for the disclosure sought, and in the absence of any transcript of the hearing on the motion, the order denying it cannot be held erroneous.
The motion also sought disclosure of the identity of a "so-called juvenile informer." The defendant argues that the State's privilege not to disclose the name of its informer (McCray v. Illinois, 386 U. S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056) is not available because the issue in this case is not one of probable cause, but of guilt or innocence, and because the testimony of the juvenile will be material to a defense of entrapment. Roviaro v. United States, 353 U. S. 53, 1 L. Ed. 2d. 639, 77 S. Ct. 623. Counsel for the State has disclaimed knowledge of the identity of any juvenile concerned in the case, and points to the fact that the indictment furnishes the name of the person to whom the sale is alleged to have been made, and that the defendant has not sought to take his deposition as RSA 517:13 would permit. Since the argument made by the defendant in support of his motion is unsupported by any evidence, it must be held to have been properly denied.
If in fact a juvenile informer was a participant in the illegal activity charged, a matter without substantiation in this record, it may not now be assumed that he was the "sole participant, other than the accused" (Roviaro v. United States, supra, 64), in view of the allegation of the indictment that sale was made by the defendant to Donald P. Bazin. If evidence is later developed, either by deposition or at trial, that a juvenile informer was a participant in the transaction to such an extent that his testimony *75 may be considered essential to a fair determination of the issue of guilt or innocence, then disclosure of his identity may be compelled by the Trial Court. Roviaro v. United States, supra, 62. See People v. Williams, 51 Cal. 2d 355.
The motion for leave to take depositions was properly denied. It is open to the defendant to take the deposition of Bazin and others without prior order of the Superior Court, and the defendant is thus not without means to seek the information desired. State ex rel Childs v. Hayward, 109 N. H. 228, 231, 248 A. 2d 88.
The meagre record in the case demonstrates no abuse of discretion by the Trial Court. See Muder v. Bentley, 109 N. H. 71, 73, 242 A. 2d 396; Timmins v. Brennan, 103 N. H. 459, 460, 174 A. 2d 419.
Exceptions overruled.
All concurred.