Manchester District Court
No. 86-201

THE STATE OF NEW HAMPSHIRE

v.

WILMA GAGNE

THE STATE OF NEW HAMPSHIRE

v.

RICHARD COTE

December 31, 1986

*Stephen E. Merrill*, attorney general (*Bradford W. Kuster*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendants.

THAYER, J.   The two cases were consolidated below for purposes of this interlocutory transfer without ruling from the Manchester District Court (*Champagne,* J.) pursuant to RSA 502-A:17-a. They concern the authority of the district courts to order competency evaluations for defendants charged with a misdemeanor, and for unindicted defendants charged with a felony pending a probable cause hearing.

The court has requested determination of five separate but related issues: (1) whether the district courts have the authority to order defendants charged with a misdemeanor to submit to a psychiatric evaluation to determine the defendant's competency to stand trial; (2) if the district courts have such authority, from where is it derived; (3) whether the district courts have the authority to order unindicted defendants charged with a felony pending a probable cause hearing to submit to a psychiatric evaluation to determine competency; (4) if the district courts have such authority, from where is it derived; and (5) if the district courts have the authority to order misdemeanor or felony defendants to submit to a competency evaluation, whether the district courts have the authority to transfer the defendant to the New Hampshire Hospital for the evaluation?

We first address the issue of the district courts' authority to order an individual charged with a misdemeanor to submit to a pre-trial competency evaluation. This issue concerns defendant Richard Cote, who was arrested on March 27, 1986, and charged with the misdemeanor offenses of resisting arrest, criminal threatening, and criminal trespass, in violation of RSA 642:2, 631:4, and 635:2, I, respectively. The defendant was arraigned on March 28, 1986. On April 16, 1986, the defense counsel filed a motion requesting the district court to order a pre-trial evaluation to determine the defendant's competency to stand trial.

██ Both parties acknowledge the well settled rule that a defendant's due process rights, guaranteed under both the Federal and State Constitutions, prohibit him from being placed on trial if "legally incompetent," *i.e.,* not capable of understanding the proceedings against him or her or assisting his or her lawyer in the preparation of his or her defense. N.H. CONST. pt. I, art. 15; *State v. Champagne,* 127 N.H. 266, 270, 497 A.2d 1242, 1245 (1985); *see Pate v. Robinson,* 383 U.S. 375 (1966); *State v. Bertrand,* 123 N.H. 719,

465 A.2d 912 (1983). In *Bertrand,* we held that a trial judge must order an "evidentiary hearing whenever a bona fide or legitimate doubt arises whether a criminal defendant is competent to stand trial." 123 N.H. at 725, 465 A.2d at 914.

Having underscored the federal and State constitutional right of a defendant charged with a misdemeanor to a pre-trial competency hearing, we now focus on the district court's query regarding the source of the court's authority to order a competency evaluation and the procedure to be followed if such authority exists.

A review of the relevant statutory authority reveals that the district courts are statutorily powerless to order competency evaluations for defendants charged with misdemeanors, *see* RSA 135:17 (Supp. 1986), and further, no court has the authority to order competency evaluations for misdemeanors. RSA 135:17 (Supp. 1986) empowers the superior court to order pre-trial competency evaluations, permitting such authority to be exercised only after a person has been indicted for an offense or bound over by a district or municipal court to await action by the grand jury. RSA 135:17 (Supp. 1986) provides that:

> "When a person is indicted for any offense, or is bound over by any district or municipal court to await the action of the grand jury, the superior court before which he is to be tried, if a plea of insanity is made in court, or said court is notified by either party that there is a question as to the sanity of the respondent, may make such order for a pre-trial psychiatric examination of such person by a psychiatrist on the staff of any public institution or by a private psychiatrist as the circumstances of the case may require, which order may include, though without limitation, examination at the secure psychiatric unit on an outpatient basis, the utilization of local mental health clinics on an in- or out-patient basis, or the examination of such person, should he be incarcerated for any reason, at his place of detention by psychiatrists assigned to a state or local mental health facility. Such pre-trial examination shall be completed within 30 days after the date of the order for such examination."

Although the district courts lack the specific statutory authority to order competency evaluations, they do possess the inherent authority to insure that the constitutional rights of defendants are protected. The authority "to protect a constitutional right 'is not dependent upon legislative enactment or grant of authority [by the

legislature] to the judiciary. The authority of the judiciary to provide a remedy guaranteed by the constitution . . . stems from the constitution itself and is inherent in the very nature of the judicial function.'" *Brauch v. Shaw*, 121 N.H. 562, 570, 432 A.2d 1, 5 (1981) (quoting *Locke v. Ladd*, 119 N.H. 136, 141, 399 A.2d 962, 965 (1979)); *see State v. Moquin*, 105 N.H. 9, 11, 191 A.2d 541, 543 (1963). Thus, we hold that in the exercise of its inherent authority to protect a defendant's constitutional rights, a district court may order competency evaluations. In so doing, the district court should adhere to RSA 135:17 (Supp. 1986) insofar as it prescribes the manner in which an individual may be evaluated.

■■ The authority of the district courts to order competency evaluations does not, however, extend to the approval of payment for said services to a private psychiatrist or a private mental health clinic, without approval of the superior court. RSA 604-A:6 provides in pertinent part that the superior court may grant counsel's application to obtain "investigative, expert or other services necessary to an adequate defense in [the] case." The superior court may also "ratify and approve such services after they have been obtained." RSA 604-A:6. When the district court, in its discretion, finds it necessary to order an evaluation utilizing the services of a private psychiatrist or mental health clinic and the superior court assesses the petition for payment, neither court shall give consideration to the ability of the defendant to pay. Further, the superior court shall not consider the merits of the evaluation order unless that issue is otherwise properly before it.

Accordingly, we find that the district courts through their inherent authority have the power to order pre-trial psychiatric evaluations for defendants charged with misdemeanors. This authority should be exercised in accordance with RSA 135:17 (Supp. 1986). In so doing, the district courts should note that RSA 135:17 (Supp. 1986) no longer provides for evaluations at the New Hampshire Hospital, but provides that they be conducted at the "secure psychiatric unit." However, if the district court orders that an evaluation be conducted by utilizing the services of a private psychiatrist or a private mental health clinic, superior court approval must be obtained. *See* RSA 604-A:6. The Cote case is thus remanded to the district court for proceedings consistent with our findings herein.

We now turn our attention to the district court's questions concerning its authority under both the Federal and State Constitutions to order a pre-trial competency evaluation for a defendant charged with a felony prior to a probable cause hearing. These questions concern defendant Wilma Gagne, who was arrested on April 10,

1986, and charged with arson in violation of RSA 634:1, II, a Class A felony. At the arraignment, the judge set the defendant's bail and ordered a probable cause hearing for May 22, 1986. On April 17, 1986, the defense counsel filed a motion requesting the defendant be transferred to the New Hampshire Hospital for a competency evaluation, unaware that on April 16, 1986, the defendant had already been transferred there for treatment pursuant to RSA 623:1. The transfer, however, did not include an evaluation of the defendant's competency. On May 9, 1986, the defendant was indicted on the charge of arson by the Hillsborough County Grand Jury.

The defendant argues that a competency determination should be made prior to the probable cause hearing to insure the preservation of both her federal and State constitutional rights. The State counters that the Gagne case has been rendered moot by her subsequent indictment and proceedings in the superior court, and assuming, *arguendo*, that it is not, the defendant was not entitled to an evaluation prior to the probable cause hearing because a probable cause hearing is not a judicial trial determining guilt or innocence.

■■ We first address the State's contention that the Gagne case is moot. We disagree. Mootness is not subject to rigid rules and should be regarded as a matter of convenience and discretion. *Moody v. Cunningham*, 127 N.H. 550, 553, 503 A.2d 819, 821 (1986). The defendant raises an issue of significant constitutional dimension which justifies a decision on the merits, *id.*; *Royer v. State Dep't of Empl. Security*, 118 N.H. 673, 675, 394 A.2d 828, 829 (1978), that constitutional right being that of a defendant not to be tried before an adversary hearing if he or she is legally incompetent. *See Pate v. Robinson*, 383 U.S. 375; *State v. Bertrand*, 123 N.H. 719, 465 A.2d 912. Further, the Gagne case raises an issue which is "capable of repetition, yet evading review." *Royer, supra* at 675, 394 A.2d at 829 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 148 (1975)). Although a decision by this court will not affect the proceedings pending against Gagne, future defendants in a similar situation could be subjected to like constitutional deprivations. The issue is therefore not moot.

The State contends that felony defendants in the New Hampshire district courts, not yet indicted, should not be entitled to a competency evaluation. *See* RSA 135:17 (Supp. 1986). Again, we disagree. Our analysis begins with the protections which inhere in the United States Constitution regarding arrest and detention.

The procedures and standards for arrest and detention are derived from the fourth amendment of the Federal Constitution. In order to implement the fourth amendment's protection against

unlawful invasions of liberty and privacy, the United States Supreme Court has determined that probable cause to arrest shall be decided by a neutral and detached magistrate. *Gerstein v. Pugh*, 420 U.S. 103, 112 (1975). These same concerns for liberty and privacy arise when a defendant is confronted with an extended restraint of liberty following arrest. *Id.* at 114. In these instances, the *Gerstein* Court determined that the fourth amendment requires an impartial judicial determination of probable cause at a preliminary hearing following the arrest and prior to the extended restraint of liberty. *Id.*

The Supreme Court also held that during this preliminary hearing "[t]he sole issue is whether there is probable cause for detaining the arrested person pending further proceedings." *Gerstein*, 420 U.S. at 120. Therefore, the adversarial safeguards such as counsel, confrontation, cross-examination, and compulsory process for witnesses are not essential for the probable cause determination under the fourth amendment. *Id.* at 119–20. Further, "[b]ecause of its limited function and its nonadversary character, the probable cause determination is not a 'critical stage' in the prosecution," *id.* at 122, "where certain rights may be sacrificed or lost," *Coleman v. Alabama*, 399 U.S. 1, 7 (1970) (citing *Hamilton v. Alabama*, 368 U.S. 52 (1961)), or where "potential substantial prejudice to defendant's rights inheres," *United States v. Wade*, 388 U.S. 218, 227 (1967).

Even though the United States Supreme Court determined that the Constitution of the United States would not regard the preliminary hearing as a critical stage in the prosecution, it recognized "that state systems of criminal procedure vary widely . . . and the nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole." *Gerstein, supra* at 123. Although we read *Gerstein* as indicating federal rights may well be recognized in the way New Hampshire has structured its preliminary hearing, the United States Supreme Court has not ruled on this issue and we decide this case under the State Constitution. *See State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983).

■■■ Although the extent of the constitutional protections that must be afforded a defendant during a probable cause hearing in New Hampshire is not entirely clear, these "protections have been increasingly expanded in recent years to encompass the incipient stages of the criminal process." *State v. Williams*, 115 N.H 437, 440, 343 A.2d 29, 31 (1975); *see* RSA 596-A:3. In *State v. Chase*, 109 N.H. 296, 297, 249 A.2d 677, 678 (1969), we held that "the preliminary hearing is not a judicial trial of the issue of guilt or innocence of the

accused but rather is a judicial inquiry to determine whether probable cause exists for the accused to be bound over to a grand jury." *See also* N.H. CONST. pt. I, art. 15. Subsequently, in *State v. Williams supra,* we recognized that the statutes relating to a probable cause hearing envision an "adversary process," "something more than a routine proceeding leading inevitably to indictment and trial."

The adversarial nature of the probable cause hearing referred to in *Williams* is based on the following rights of the accused: the right to remain silent and the right to consult an attorney pursuant to RSA 596-A:3; the right to cross-examine the witnesses against him and to introduce evidence in his own behalf pursuant to RSA 596-A:4; and the right to testify in his own behalf pursuant to RSA 596-A:5.

Further, in the course of performing its routine task of determining whether probable cause exists to believe an offense was committed which is beyond the jurisdiction of the district court, and whether the accused committed the offense, the district court during the preliminary hearing acts to "piece together the evidentiary skeleton which could provide the basis for a future trial." *State v. Williams supra.* The hearing not only elicits testimony, the transcript of which may be admissible in a subsequent trial for the offense charged, *id.* at 441, 343 A.2d at 31, but it also determines whether the accused will be discharged from custody for a lack of probable cause and, if not, whether he or she may be admitted to bail by the court pursuant to RSA chapter 597. RSA 596-A:7.

Acknowledging the true adversarial nature of the probable cause hearing in New Hampshire, we hold that the district courts are empowered to order a pre-trial evaluation to determine the competency of a defendant charged with a felony prior to the probable cause hearing. This authority stems from the New Hampshire Constitution, pt. I, art. 15, the relevant statutory authority, *see* RSA 596-A:3, :5, and the case law interpreting these statutes, *see State v. Williams,* 115 N.H. 437, 343 A.2d 29. Therefore, where the issue of competency is raised prior to or during the initial hearing to determine probable cause, the district court shall thereafter conduct a hearing to ascertain the necessity of a competency evaluation. If the court finds that an evaluation is required, it shall order the defendant to be examined for competency pursuant to the above-mentioned procedure established for ordering evaluations in misdemeanor cases. However, if the grand jury indicts a defendant, or the defendant waives his right to a preliminary hearing prior to the issue of competency having been raised, RSA 596-A:4, the district

court loses jurisdiction and the issue of competency must be resolved before the superior court. *See* RSA 135:17 (Supp. 1986).

In conclusion, we note that nothing in this opinion shall be interpreted to suggest that an indictment is invalid unless preceded by a preliminary hearing. As we previously stated in *Smith v. O'Brien*, 109 N.H. 317, 319, 251 A.2d 323, 324 (1969), "an accused has no constitutional right that a preliminary hearing shall precede indictment."

*So ordered; remanded in part.*

BATCHELDER, J., with whom BROCK, C.J., joined, concurred specially; the others concurred.

BATCHELDER, J., concurring specially: I agree that the New Hampshire Constitution authorizes the district court to order a competency evaluation for a defendant charged with a felony who awaits a probable cause hearing. The majority opinion turns to an analysis of protections embodied in New Hampshire law, and thus abandons its announced inquiry concerning federal rights. It appears, however, that the majority reaches the State law question only because there is no federal law on point or, alternatively, because *Gerstein* suggests it.

This approach is divergent from the teaching of *Ball. State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983). *Ball* directs us to analyze the State law first, using federal law only for guidance. *Ball* further instructs that we reach the federal law issue only if our State law does not give the requested relief. In the present case, we have no need to discuss *Gerstein*, except perhaps to indicate that nothing in federal law contradicts New Hampshire law on the issue before us.

BROCK, C.J., joins in the special concurrence.