NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

2nd Circuit Court - Lebanon District Division
No. 2014-595

THE STATE OF NEW HAMPSHIRE

v.

STEVEN LAUX

Argued: March 31, 2015
Opinion Issued: May 22, 2015

Joseph A. Foster, attorney general (Nicholas Cort, assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The State appeals an order of the Circuit Court (Tenney, J.) dismissing the habitual offender prosecution of the defendant, Steven Laux, based upon the State's failure to provide discovery prior to the preliminary, or probable cause, hearing in accordance with the court's standing discovery order.[*] We reverse and remand.

_____

[*] In the applicable statutes, this proceeding is referred to as a "preliminary examination for probable cause." RSA 596-A:2 (2001). It is referred to in our cases as both a "preliminary hearing" and a "probable cause hearing," see, e.g., Ojo v. Lorenzo, 164 N.H. 717, 720 (2013), and we use both terms interchangeably herein.

The following facts are supported by the record or are undisputed by the parties. The defendant was arrested for driving while certified as a habitual offender, a felony-level offense. See RSA 262:23, I (2014). A probable cause hearing was scheduled for April 21, 2014. Prior to the hearing, the defendant sought police reports from the State in accordance with the court's standing discovery order. That order provides, in relevant part: "IV. Probable Cause Hearing[:] Upon receipt of an Appearance by counsel for the defense or upon waiver of counsel, the State shall provide the defendant's counsel a copy of any prepared police reports." When the State indicated it would not comply with the order, the court postponed the probable cause hearing and allowed the parties "to brief the issue of whether or not discovery could be ordered by the Circuit Court for a Probable Cause Hearing." The court concluded that it had inherent authority to order discovery and granted the defendant's motion to dismiss the case for the State's noncompliance.

On appeal, the State argues that the circuit court lacks authority to order discovery of police reports prior to a probable cause hearing. It contends that our cases have long held "that police reports are not discoverable except as provided by statute or court rule." It then argues that neither the statute providing for criminal pre-trial discovery, see RSA 604:1-a (2001), nor the rules governing discovery in the superior court and circuit court-district divisions, see Super. Ct. Crim. R. 98, Dist. Div. R. 2.10, provide for discovery of police reports prior to the probable cause hearing.

The defendant contends that neither "RSA 604:1-a[, which] governs only discovery in the superior court," nor "[District Division] Rule 2.10[, which] governs only cases to be tried in that court," applies to this case. He argues that, in fact, "[n]o statute or court rule answers the question raised by this case." Thus, the defendant's argument for affirmance is not based upon an asserted right to discovery granted by statute or rule, but rather upon the converse proposition that no statute or rule prohibits the circuit court from ordering the disclosure of police reports prior to a probable cause hearing. The defendant asserts that "in the absence of any statutory or rule-based prohibition, a circuit court judge has the inherent authority to order the disclosure of already-prepared police reports prior to a probable cause hearing."

Because the parties agree that no statute or court rule specifically authorizes discovery prior to the probable cause hearing, our inquiry is limited to whether the circuit court possesses the inherent authority to order that discovery. Cf. State v. Carter, 167 N.H. 161, 168 (2014) (observing that nothing in former Superior Court "Rule 98 prohibits the superior court from ordering discovery prior to" the time discovery is triggered under that rule). That inquiry is a question of law that we review de novo. See, e.g., State v. Dowdy, 792 N.W.2d 230, 236 (Wis. Ct. App. 2010) (noting that question of trial court's inherent authority is a question of law reviewed de novo), aff'd, 808

2

N.W.2d 691 (Wis. 2012); cf. In the Matter of O'Neil & O'Neil, 159 N.H. 615, 622 (2010) (treating issue of whether family division had inherent power to issue restraining order to secure safety of its facilities and staff as a question of the court's jurisdiction subject to de novo review).

The circuit court is a court of limited jurisdiction. See RSA 490-F:3 (Supp. 2014) (conferring upon circuit court the jurisdiction, powers and duties of the former probate and district courts and the former family division). As such, it is "not vested with as broad inherent powers as courts of superior and general jurisdiction." State v. Flynn, 110 N.H. 451, 453 (1970) (discussing former district courts). Nevertheless, "[t]he fact that . . . a court's jurisdiction is limited by statute[] does not necessarily negate a court's inherent authority." In the Matter of Stapleton & Stapleton, 159 N.H. 694, 697 (2010).

Our cases have recognized certain inherent powers of the former district courts, including the power to order competency evaluations, State v. Gagne, 129 N.H. 93, 97 (1986), and impose sanctions, Emerson v. Town of Stratford, 139 N.H. 629, 631 (1995). Although Gagne centered on the court's "inherent authority to protect a defendant's constitutional rights," Gagne, 129 N.H. at 97, "there is no general constitutional right to discovery in a criminal case," State v. Heath, 129 N.H. 102, 109 (1986) (quotation omitted), nor has the defendant claimed any constitutional right to the discovery at issue.

The inherent power of a court to order competency evaluations "stems from a court's necessary power to control the proceedings before it." Emerson, 139 N.H. at 631. We have also recognized, more generally, that "[c]ourts of justice have power, as a necessary incident to their general jurisdiction, to make such orders in relation to the cases pending before them, as are necessary to the progress of the cases and the dispatch of business." Garabedian v. William Company, 106 N.H. 156, 157 (1965) (quotation omitted). Thus, with respect to the trial of a criminal offense within the jurisdiction of the former district courts, we have recognized the district court's inherent authority, as a trial court, "to rule in its discretion upon matters relating to pre-trial discovery." State v. Sorrell, 120 N.H. 472, 475 (1980); see also State v. Healey, 106 N.H. 308, 309 (1965) (noting that a trial court – there the superior court – "has the inherent power in its discretion to compel discovery in a criminal case if the interests of justice so require").

Sorrell does not answer whether the circuit court had inherent authority to order discovery in this case, however, because the circuit court did not try the offense, and indeed did not have jurisdiction to do so. Rather the proceeding at issue was a preliminary hearing. Accordingly, we examine the nature of that proceeding to determine whether the discovery ordered was "necessary to the progress of the case[] and the dispatch of business." Garabedian, 106 N.H. at 157 (quotation omitted).

3

"The purpose of the preliminary hearing is to determine whether probable cause exists to believe that an offense has been committed, which is beyond the jurisdiction of the court to try, and that the accused committed it . . . ." State v. St. Arnault, 114 N.H. 216, 217-18 (1974) (quotation omitted); see RSA 596-A:7 (2001). It is not a trial to determine guilt or innocence, but is rather "a judicial inquiry to determine whether probable cause exists for the accused to be bound over to a grand jury." State v. Chase, 109 N.H. 296, 297 (1969). It is also not provided to "afford[] the accused an opportunity for discovery." Smith v. O'Brien, 109 N.H. 317, 318 (1969).

Nonetheless, a probable cause hearing is intended to be "something more than a routine proceeding leading inevitably to indictment and trial." State v. Williams, 115 N.H. 437, 440 (1975). In Williams, we altered our prior assessment of the adversarial nature of the proceeding, see St. Arnault, 114 N.H. at 218 (stating that "a probable cause hearing is not an adversary proceeding"), and concluded that statutory protections for the accused at the probable cause hearing "envision an adversary process during which charges without sufficient supporting evidence will be eliminated." Williams, 115 N.H. at 440; see also Gagne, 129 N.H. at 100 ("[a]cknowledging the true adversarial nature of the probable cause hearing in New Hampshire"). Consonant with that adversity, "[t]he accused may cross-examine the witnesses against him and may introduce evidence in his own behalf." RSA 596-A:4 (2001). Although the accused has the right to refuse to testify, he may voluntarily choose to waive that right "in an attempt to convince the court that probable cause does not exist." Williams, 115 N.H. at 440; see also RSA 596-A:3 (2001). "[H]e is likewise entitled to call witnesses on his own behalf to testify to matters which are admissible, and which serve to show lack of probable cause." State ex rel McLetchie v. Laconia District Court, 106 N.H. 48, 51 (1964).

Thus, although the intended purpose of the preliminary hearing does not include providing "the accused an opportunity for discovery," Smith, 109 N.H. at 318, it does encompass providing him an opportunity to contest the existence of probable cause. See Williams, 115 N.H. at 440. It is conceivable that, in some cases, the contents of a prepared police report would be so probative of the probable cause determination that the interests of justice would require the report's disclosure to the accused prior to the preliminary hearing. Cf. Healey, 106 N.H. at 309 (noting trial court's inherent power to compel discovery in criminal case if interests of justice so require). Of course, not every case would present that scenario. Accordingly, we hold that the circuit court exceeded its authority in requiring, through promulgation of section IV of its standing discovery order, the disclosure of prepared police reports in all cases.

We also conclude, however, that the circuit court does possess the inherent authority to order such disclosure in particular cases. Our decisions issued before criminal pre-trial discovery rights (other than the right to depose

4

witnesses, see RSA 517:13 (2001)) were conferred by statute or rule, see RSA 604:1-a, Super. Ct. Crim. R. 98-102, provide guidance in determining in which cases to order disclosure. In State ex rel Regan v. Superior Court, 102 N.H. 224 (1959), we noted that "[i]n criminal cases, no 'right' to inspection of objects or writings in advance of trial existed at common law"; nor, at that time, had any such right been conferred by statute. State ex rel Regan, 102 N.H. at 226-27. Nevertheless, we allowed for the court's inherent power to order pre-trial discovery:

> We do not hold the Court to be without power, in the exercise of reasonable discretion and to prevent manifest injustice, to require the production of specific objects or writings for inspection under appropriate safeguards and at a time appropriately close to the time of trial, if it should appear that otherwise essential rights of the respondents may be endangered or the trial unnecessarily prolonged.

Id. at 229. We expanded upon that conclusion in Healey, finding it then "well settled in this jurisdiction that the Trial Court has the inherent power in its discretion to compel discovery in a criminal case if the interests of justice so require." Healey, 106 N.H. at 309. We instructed that "[i]n exercising its discretion, the Trial Court is to consider, under the circumstances of the case, the defendant's need of the discovery sought to properly defend himself and the adverse effect which such discovery might have on the proper prosecution of the offense." Id.

Applying those principles here, while bearing in mind that "the preliminary hearing is not a judicial trial of the issue of guilt or innocence of the accused," Chase, 109 N.H. at 297, we hold that the circuit court has the inherent authority, within its sound discretion, to order discovery prior to the preliminary hearing when the accused has made a particularized showing that the discovery is needed to show a lack of probable cause and the court concludes that the interests of justice require disclosure. In making that determination, the court should also consider any resulting adverse effect of such discovery on the proper prosecution of the crime. See Healey, 106 N.H. at 309.

The State nevertheless contends that nothing in our cases dealing with preliminary hearings or the former district courts' inherent authority "would override this Court's often-repeated holdings that police reports," in particular, "are not discoverable except as provided by statute or court rule." Admittedly, we have held "that notes personally compiled by law enforcement authorities in the course of their investigation . . . constitute the work product of the State and are privileged from pretrial discovery." State v. Superior Court, 106 N.H. 228, 230-31 (1965). The subsequent adoption of Superior Court Criminal Rule 98(A) superseded Superior Court's holding to the extent that it required the

State to provide the defendant with copies of all police reports within ten calendar days after his entry of a not guilty plea; the Rule also allows the State to assert work product protection for protected material therein through redactions and/or in camera review by the trial court. Super. Ct. Crim. R. 98(A)(1)(ii), (E), (J). Rule 98, however, by its terms, does not apply to this case at the preliminary hearing stage.

We have not, since Superior Court, addressed whether police reports constitute work product of the prosecutor, protected from discovery. We agree with the North Dakota Supreme Court, however, that "[w]hile some police reports might qualify as prosecution work products, we are not prepared to hold that all arresting officer reports automatically fall into that category." State v. Shipton, 339 N.W.2d 87, 89 (N.D. 1983) (further noting that "[c]lassifying routine, essentially factual police reports as nondiscoverable under the prosecution work product exemption thwarts the underlying purpose of the pretrial criminal discovery rules").

"At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." State v. Zwicker, 151 N.H. 179, 191 (2004) (quotation omitted).

> We have defined work product as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation. The lawyer's work must have formed an essential step in the procurement of the data which the opponent seeks, and he must have performed duties normally attended to by attorneys.

Id. (quotation omitted). To determine whether information falls under the protection of the work product doctrine, the court must "focus upon the substantive information that the material contains, rather than the form the information takes or how it was acquired." Id.

We now hold that prepared police reports are not categorically protected under the work product doctrine and that, even under circumstances not covered by Superior Court Criminal Rule 98(A), they are subject to compelled discovery under the court's inherent authority as discussed above. The State may nevertheless assert work product protection and request redaction of any protected material after an in camera review by the court. Cf. State v. Chagnon, 139 N.H. 671, 676 (1995).

Having held that the circuit court exceeded its authority in promulgating section IV of its standing discovery order, we necessarily conclude that the court's dismissal of the case for the State's failure to comply with that order constituted an unsustainable exercise of discretion. See State v. Reader, 160

6

N.H. 664, 667 (2010) (reviewing discovery sanction for unsustainable exercise of discretion). Accordingly, we reverse and remand for further proceedings. On remand, the defendant is free to seek a discovery order in his particular case in accordance with the guidelines we have set forth herein.

<u>Reversed and remanded</u>.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.