# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2018-0484, <u>Petition of Curtis L. Leach</u>, the court on April 1, 2019, issued the following order:

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). The petitioner, Curtis Leach, seeks a writ of prohibition pursuant to RSA 490:4 (2010) challenging an order of the Circuit Court (<u>Crocker</u>, J.) that requires him to appear at a periodic payment hearing, arguing that the trial court lacks jurisdiction to order him to appear. We affirm.

This matter arises out of a small claim case. <u>See</u> RSA ch. 503 (2010 & Supp. 2018). Following a hearing, the trial court entered judgment against the petitioner, his wife, and his wife's grandfather in the amount of $6,200 plus statutory interest and costs. The trial court found that the trio hired the plaintiff, Keith Healy, to remove 38 spruce trees from their residential property. The wife accepted Healey's proposal to complete the work for $6,200. Healey and his crew worked for three days, and when the job was finished, the wife gave Healey a check made out for "$6,200" in the numeric box and "sixty two dollars" in words. The check was "returned to Healey incorrectly marked as insufficient funds, rather than [as an] improperly executed check." Healey attempted, unsuccessfully, to reach the wife by telephone and in person to obtain payment, and on September 18, 2016, the petitioner sent Healey an e-mail stating that "the job performed was unsatisfactory, that he felt disrespected and [that] Healey was not to contact them again." On October 17, Healey filed his small claim complaint.

In its March 14, 2017 order, the court found that the petitioner, his wife, and the wife's grandfather entered into a valid contract with Healey to have him remove the trees for $6,200, that Healey performed the required services in a workmanlike manner, and that they accepted his services. On April 3, the court denied the petitioner's motions for clarification and reconsideration, but on April 4, it separately amended its March 14 order by dismissing the petitioner and grandfather on grounds that neither of them were parties to the contract. The wife appealed, and we affirmed, noting that Healey had not appealed the dismissal of the petitioner and grandfather. <u>See</u> <u>Keith Healey v. Jessica Leach & a.</u>, No. 2017-0276 (N.H. March 30, 2018).

Following the appeal, Healey moved for periodic payments. <u>See</u> RSA 524:6-a (Supp. 2018). The wife objected, claiming that there is "no need to

schedule a periodic payment hearing" because she lacks the ability to pay any amount. She filed a financial affidavit disclosing no income or assets, and claiming $5,826 in monthly expenses. The trial court, finding the affidavit "unacceptable," ordered "each of the named defendants" to complete financial affidavits and appear at the periodic payment hearing. The petitioner moved for clarification on the basis that the court had dismissed him from the case. The trial court clarified that its order was for no purpose other than to "shed light" on the veracity of the wife's financial affidavit. The petitioner now seeks an order from this court prohibiting the trial court from ordering him to appear at the hearing, asserting that the trial court lacks jurisdiction.

"Prohibition is an extraordinary remedy which, although within the discretion of this court, is used with caution and forbearance and only when the right to relief is clear." State v. Superior Ct., 116 N.H. 1, 2 (1976). "When there is no other remedy, this court may exercise its supervisory powers and countermand, by means of a writ of prohibition, a trial court's order which is not supported by any legal authority." State v. Flynn, 123 N.H. 457, 462 (1983).

As an initial matter, we note that the trial court docketed the periodic payments motion under the same case number assigned to the small claim case. There is no dispute that the petitioner received actual notice of the court's order through the electronic filing system. Moreover, the petitioner did not specifically challenge the sufficiency of service in the trial court; nor does he argue in his brief that service was defective. Thus, we conclude that he has waived any objection to service. See Druding v. Allen, 122 N.H. 823, 826 (1982) (requiring any objection to service to be raised in trial court).

The periodic payment statute provides that whenever the court renders judgment against a defendant, it shall inquire of the defendant, either at the time of judgment or upon the plaintiff's motion, as to the defendant's ability to pay. See RSA 524:6-a, I. In this case, the trial court has good reason to inquire of the wife as to her ability to pay. The wife asserts that she is unemployed, despite having contracted with Healey to have him clear the yard for a daycare business. She filed a financial affidavit stating that she has no checking accounts, despite having given Healey a check for his services; and she claims expenses of $5,826 per month without providing any explanation as to how she meets her expenses.

Moreover, the trial court has the statutory authority to order the petitioner to appear at the periodic payment hearing to provide any testimony that the court deems relevant. See RSA 516:3 (Supp. 2018) ("Any justice or judge may issue such writs for witnesses, in cases pending before himself or herself or any other justice or judge, in any case in any court, in all matters before the general court, or before auditors, referees, arbitrators or commissioners."). The trial court reasonably could determine that the

2

petitioner might have information that would be relevant to the wife's ability to pay the judgment. Finally, "[w]e have also recognized, more generally, that courts of justice have power, as a necessary incident to their general jurisdiction, to make such orders in relation to the cases pending before them, as are necessary to the progress of the cases and the dispatch of business." State v. Laux, 167 N.H. 698, 702 (2015) (brackets and quotation omitted). We conclude that the petitioner has failed to demonstrate a clear right to relief warranting the extraordinary remedy of a writ of prohibition, see State v. Superior Ct., 116 N.H. at 2, and uphold the trial court's decision requiring the petitioner to appear at the periodic payment hearing to give testimony relative to the wife's ability to pay the judgment.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**