NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2015-0569


PETITION OF STATE OF NEW HAMPSHIRE
(State of New Hampshire v. Michael Lewandowski)

Argued: June 22, 2016
Opinion Issued: August 23, 2016


Joseph A. Foster, attorney general (Sean R. Locke, attorney, on the brief and orally), for the State.


Green & Utter, P.A., of Manchester (Cathy J. Green on the brief and orally), for the defendant.


Lothstein Guerriero, PLLC, of Keene (Richard Guerriero on the brief), for New Hampshire Association of Criminal Defense Lawyers, as amicus curiae.


HICKS, J. The State petitioned for a writ of certiorari, see Sup. Ct. R. 11, seeking review of an order of the Superior Court (Brown, J.) requiring the State to "obtain, preserve and produce . . . for [the court's] in camera inspection" certain of the complainant's cell phone communications, social media communications, and cell phone service provider records that the defendant, Michael Lewandowski, believes could be exculpatory. We grant the petition, vacate the court's order, and remand.

The following facts are supported by the record or are agreed upon by the parties. The defendant is charged with aggravated felonious sexual assault. See RSA 632-A:2 (Supp. 2015). Prior to trial, he filed a motion asking the trial court to order, among other things, "the State to take whatever steps are necessary to preserve all cell phone activity of [the complainant] including voice mails, text messaging, e-mails, social media postings and photographs by making a mirror image of all cell phones utilized by [the complainant]." The defendant also requested that the court order the State to "mak[e] immediate preservation and production requests of all service providers including, but not limited to cell phone[] carriers, Facebook and any other social media or communication provider with which [the complainant] had an account." The State objected, arguing, among other things, that "[d]efendants generally do not have the legal authority to direct an investigation or demand that the State investigate, obtain, and preserve specific evidence." The defendant stated in his motion that he was "not seeking discovery . . . but rather the preservation of" the records and communications. It appears to be undisputed that, at the time the defendant filed his motion, the State did not possess any of the records or communications that the defendant sought.

At the hearing on the motion, the court told the defendant to narrow his request to two relevant time periods in November 2014 and May 2015 and file a proposed order. The defendant did so, and the court granted the proposed order, which compelled the State to "obtain, preserve and produce . . . for [the court's] in camera inspection" the complainant's "cell phone text messages, call log activity (calls sent and received), e-mails sent or received and photographs taken, sent or received," as well as "[t]he provider records of [the complainant's] cell phone activity" and the complainant's "e-mails (sent and received), Facebook, Instagram, Twitter or other social media postings" from the November 2014 and May 2015 time periods.

The court denied the State's motion to reconsider. The State filed a petition for a writ of certiorari. See Sup. Ct. R. 11.

Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the court's discretion. Petition of State of N.H. (State v. MacDonald), 162 N.H. 64, 66 (2011); see Sup. Ct. R. 11. Certiorari review is limited to whether the trial court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously. Petition of State of N.H. (State v. MacDonald), 162 N.H. at 66.

The State argues that the trial court did not have the authority to grant the defendant's proposed order "because defendant[s] in criminal proceedings have no general right to discovery and the State had discharged its obligations under Brady." See Brady v. Maryland, 373 U.S. 83 (1963). It further asserts that the court cannot "conscript the State to seize evidence it had never

2

possessed for the defendant's benefit." The State explains that the trial court "effectively grant[ed] the defendant a search warrant and order[ed] the State to execute that warrant," which, according to the State, "destroyed [the complainant's] right to be free from unreasonable searches and seizures." (Bolding omitted.) See U.S. CONST. amends. IV, XIV; N.H. CONST. pt. I, art. 19.

This issue concerning the scope of the trial court's authority is one of first impression; thus, we rely upon cases from other jurisdictions to aid in our analysis. In State v. Haynie, 242 S.E.2d 713 (Ga. 1978), the Georgia Supreme Court held that the trial court could not, at the defendant's request, issue an order, "requiring the removal of [a] bullet from the victim and the production of the gun, and that ballistic tests be made upon them." Haynie, 242 S.E.2d at 713-14. In the concurring opinion, it was noted that the defendant "may not implement a search such as the official search of an arrestee" by the State; "he needs a vehicle for discovery." Id. at 716 (Hall, J., concurring specially). It was further noted that the defendant could not acquire the bullet "from the victim for the simple reason that there [were] no procedures extant which would permit him to do so." Id.

Subsequently, in Young v. State, 245 S.E.2d 866 (Ga. Ct. App. 1978), the Court of Appeals of Georgia, citing Haynie, affirmed the trial court's rejection of the defendant's "notice to produce seeking to obtain from the state certain evidence . . . in the possession of . . . third parties." Young, 245 S.E.2d at 867. The court reasoned that "a defendant in a criminal case cannot make the office of the solicitor or district attorney its agent in ferreting out evidence which it does not possess and which would constitute a search and seizure of third persons involved only as victims of the crime." Id.

Other courts have concluded more generally that criminal defendants do not have the power "to compel the State to gather in [their] behalf what might be exculpatory evidence." State v. Reyna, 448 P.2d 762, 767 (Idaho 1968); see also People v. Roark, 643 P.2d 756, 767 (Colo. 1982) (citing Reyna, 448 P.2d at 767).

These cases stand for the general proposition, which we now adopt, that the trial court cannot compel the State to obtain evidence for the defendant. Here, the State did not possess the complainant's cell phone and social media communications and cell phone service provider records. Thus, the court "acted illegally with respect to . . . [its] authority" when it granted the defendant's proposed order requiring the State to obtain, preserve, and produce those records and communications for an in camera review. Petition of State of N.H. (State v. MacDonald), 162 N.H. at 66.

The defendant argues that "[t]here is a long line of cases" beginning with State v. Gagne, 136 N.H. 101 (1992), "that recognize the authority of the [t]rial

3

[c]ourt to compel the production of potentially relevant and exculpatory evidence from a third party for its in camera review." In Gagne, we set forth the process by which a defendant may obtain privileged information for use at trial. The defendant in Gagne sought access to, among other things, privileged counseling records in the possession of the New Hampshire Division for Children and Youth Services. Gagne, 136 N.H. at 102-03. We held that, if a defendant establishes "a reasonable probability that the records contain information that is material and relevant to his defense," id. at 105, the court must review them in camera and remit to the defendant the records that are "essential and reasonably necessary" to that defense, id. at 106 (quotation omitted).

Subsequently, we applied Gagne in cases that involved privileged records kept by other third parties. For instance, in State v. Cressey, 137 N.H. 402 (1993), we held that, "in the event of a retrial," the trial court "must conduct an in camera review" of notes made during counseling sessions by a privately employed psychologist "should the defendant establish a reasonable probability that the [notes] contain information relevant and material to his defense." Cressey, 137 N.H. at 413; see also State v. King, 162 N.H. 629, 631 (2011) (stating that Gagne governs the defendant's supplemental request for an in camera review of the privileged records of the Mental Health Center of Greater Manchester). Moreover, in Petition of State of N.H. (State v. MacDonald), we held that the trial court was required to conduct an in camera review of privileged medical records kept by the New Hampshire Hospital. Petition of State of N.H. (State v. MacDonald), 162 N.H. at 65, 66, 70; cf. State v. Healey, 106 N.H. 308, 309, 310 (1965) (reversing the trial court's denial of the defendant's motion "to obtain a copy of . . . medical reports" of the New Hampshire Hospital, and permitting the court to "inspect these documents, and excise or withhold . . . any part . . . not deemed necessary to be disclosed for the protection of the defendant's essential rights").

None of these cases, however, supports the relief that the defendant seeks here; namely, a court order compelling the State to gather evidence on his behalf. The Gagne cases concerned the in camera review of privileged medical and counseling records. They did not authorize the trial court to order the State to obtain and produce those records.

The defendant also compares this case to Soucy v. State, 127 N.H. 451 (1985). Soucy arose from an action "for compensation for what the plaintiffs claim[ed] was a taking of their property." Soucy, 127 N.H. at 452. In Soucy, the court rejected the plaintiffs' argument that "the superior court effected [a] taking . . . by an order preventing the repair of the plaintiffs' partially destroyed building, so that its damaged condition could be . . . preserved for a jury view" in an arson case. Id. However, like the Gagne cases, Soucy also did not address the trial court's authority to compel the State to gather evidence for the defendant.

4

The defendant cites State v. Healey for the proposition that the trial court "has the inherent power in its discretion to compel discovery in a criminal case if the interests of justice so require." Healey, 106 N.H. at 309. However, this case is about the court's authority to compel the State to gather additional evidence for the defendant, not its authority to compel discovery from the State or other parties of evidence that they already possess. Thus, the defendant's reliance on Healey is misplaced.

The defendant argues that "there is no alternative means for [him] to obtain the evidence." However, the New Hampshire Rules of Criminal Procedure permit him to serve on the complainant or other third parties a subpoena duces tecum. See N.H. R. Crim. Pro. 17(b). Even if, as the defendant argues, serving a subpoena is not the "practice widely utilized in our trial courts," and "would be more burdensome . . . than . . . having the prosecution gather and produce" the evidence, it is at least one means available to him under the law. We decline to endorse the use of other procedural remedies that the trial court does not have the authority to grant under our statutes, our rules of criminal procedure, or the prior decisions of this court.

The defendant notes that he has a constitutional right under the Due Process Clauses of the United States and New Hampshire Constitutions "to obtain evidence helpful to his defense." See U.S. CONST. amend. XIV; N.H. CONST. pt. I, art. 15. He further notes that he has a state and federal constitutional right "to obtain and utilize relevant evidence that is necessary to permit counsel to adequately cross-examine a witness to demonstrate reliability or bias." See U.S. CONST. amends. VI, XIV; N.H. CONST. pt. I, art. 15. However, he cites no authority suggesting that these constitutional rights empower the trial court to grant the proposed order in this case.

Moreover, to the extent that the defendant argues that the court's order was valid because the State had a duty to obtain and preserve the evidence under Brady, we disagree. See Brady v. Maryland, 373 U.S. 83 (1963). Brady requires the State to give the defendant only the exculpatory evidence that it possesses. See State v. Lavallee, 145 N.H. 424, 427 (2000); Haynie, 242 S.E.2d at 714. Here, the defendant does not contend that the State possesses the cell phone records and communications that he is seeking.

We are mindful that the State's duty in the enforcement of our criminal laws "is to seek justice, not merely to convict." Rogowicz v. O'Connell, 147 N.H. 270, 274 (2001) (quotation omitted). In some cases, "the State's failure to gather evidence may amount to suppression of material evidence." State v. Ware, 881 P.2d 679, 684 (N.M. 1994). However, this is not one of those cases. The defendant does not assert, and the trial court did not find, that the State intentionally or negligently failed to gather the evidence that he is seeking. See

id. at 684-85.  The defendant merely alleges that the evidence, if it exists, could potentially be exculpatory.

We remand for further proceedings consistent with this opinion.

<u>Petition granted; vacated and remanded</u>.

DALIANIS, C.J., and LYNN and BASSETT, JJ., concurred.