# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0328, <u>Petition of State of New Hampshire</u>, the court on May 9, 2019, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The State has petitioned for a writ of certiorari, <u>see</u> <u>Sup. Ct. R.</u> 11, seeking review of an order of the Circuit Court (<u>Kelly</u>, J.) requiring the State to provide a sufficient number of "available booking photographs" from which the defense may choose to "form the basis for a photo array" during the defendant's deposition of the complainant. The order on appeal also granted the defendant's motion for a discovery deposition of the complainant pursuant to RSA 517:13 (2007). The State does not challenge the trial court's decision to allow the deposition, but rather challenges only the trial court's order that the State produce booking photographs for it. We grant the petition, reverse the trial court's order, and remand.

The State alleges that on October 22, 2017, the defendant entered the complainant's residence without authority. The defendant was arrested for trespass among other charges. The police did not ask the complainant to identify the trespasser by using a photographic array.

Before trial, the defendant filed a motion to compel the State "to arrange a pretrial, out of court, photographic array identification" of the defendant. At the hearing on that motion, the defendant conceded that, in fact, the trial court could <u>not</u> "compel the State to do a photo lineup." Alternatively, the defendant asked the court either to bar the State from asking the complainant to identify the defendant at trial or to allow the defendant to depose the complainant before trial pursuant to RSA 517:13.

Subsequently, the defendant filed a written motion seeking a discovery deposition of the complainant. In it, he argued that requiring the complainant "to attend a discovery deposition where he will be asked to identify the person he alleges trespassed on his property by means of a photographic array is an appropriate means of ensuring a fair trial in this case and avoiding a one-person show-up at trial." The defendant also asked the court to "order the State . . . and the Lebanon Police Department to assist defense counsel in good faith with the preparation of an appropriate photographic array for [the complainant's] review." The State objected, and, as to the request for an order compelling the State to assist in preparing a photographic array, the State

argued that the trial court lacked authority to issue such an order.  In response, the defendant argued that he "could, of course, subpoena all photographs in the possession of the Lebanon Police department of any white male within the ages of 55 and 75 in order to locate an adequate number of photographs from which to create a photographic array," but that doing so "would no doubt be far more disruptive to the operations of the police department" than to obtain the requested court order.

The trial court granted relief to the defendant over the State's objection.  First, the trial court decided to allow the defendant "a pre-trial deposition of the [complainant] for the purposes of a photographic array identification."  Although the trial court acknowledged that, in New Hampshire, "the suggestiveness of an initial identification that takes place in court" does not "violate due process," the court found, by a preponderance of the evidence, that allowing the defendant "the pretrial opportunity to obtain an identification" was necessary both to "ensure a fair trial" and to mitigate the "inherent suggestiveness of a first-time in court identification."  See State v. King, 156 N.H. 371, 373, 376 (2007) (holding that the inherent suggestiveness of an initial in-court identification of a defendant, which the defendant characterized as a one-man show-up, "does not rise to the level of constitutional concern"); State v. Webster, 166 N.H. 783, 791 (2014) (explaining that a defendant does not have a constitutional right to a non-suggestive pretrial identification procedure before being identified in court).

Second, the court ordered the State "to provide as many photos as may be necessary for the defense to choose from for use in the deposition of the alleged victim."  The court determined that "[p]roviding the defense with a sufficient number of [booking] photographs that could reasonably be part of the photo array, is neither unduly burdensome nor beyond the responsibility the state has, for its part, to ensure a fair trial."  This petition for a writ of certiorari followed.  See Sup. Ct. R. 11.

The State does not challenge the decision of the trial court to allow the defendant to depose the complainant before trial for the purposes of conducting a photographic array.  Nor does the State challenge "the trial court's finding that it may be unfair to subject the defendant to a 'one-person show up.'"  But see King, 156 N.H. at 376.  Rather, the State contests only the order to produce booking photographs at the complainant's deposition.  We limit our analysis accordingly.

Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the court's discretion.  Petition of State of N.H. (State v. Lewandowski), 169 N.H. 340, 341 (2016); see Sup. Ct. R. 11.  Certiorari review entails examining whether the trial court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its

2

discretion or acted arbitrarily, unreasonably, or capriciously.  See Petition of State of N.H. (State v. Lewandowski), 169 N.H. at 341.  We exercise our power to grant such writs sparingly and only where to do otherwise would result in substantial injustice.  Petition of Chase Home for Children, 155 N.H. 528, 532 (2007).  We conclude that the trial court unsustainably exercised its discretion when it ordered the State to provide booking photographs for use at the complainant's deposition.

We find our decision in Petition of State of N.H. (State v. Lewandowski) instructive.  In that case, the State had been ordered to obtain certain of the complainant's cell phone communications, social media communications, and cell phone records that the defendant believed could be exculpatory for the trial court's in camera review.  Petition of State of N.H. (State v. Lewandowski), 169 N.H. at 340.  We held that the trial court lacked the authority to issue such an order because a trial court "cannot compel the State to obtain evidence for the defendant."  Id. at 342.  We observed that the State did not have the requested records in its possession and that the trial court's order required the State to obtain those records for the defendant's benefit.  See id. at 342-43.  We concluded that the trial court had no authority to compel the State to gather such evidence on the defendant's behalf.  Id. at 342-43.

Similarly, in this case, the trial court had no authority to require the State to produce booking photographs for use at the complainant's deposition.  The trial court's order in this case, like that in Petition of State of N.H. (State v. Lewandowski), required the State to gather evidence on the defendant's behalf.

We disagree with the defendant that the trial court's order is "a routine discovery order" that merely requires the State to produce materials already in its possession.  Although the State generally possesses booking photographs, there is no evidence that the State had already selected booking photographs specifically for use in a photographic array in this case.  Thus, this case, like Petition of State of N.H. (State v. Lewandowski), "is about the court's authority to compel the State to gather additional evidence for the defendant, not its authority to compel discovery from the State."  Id. at 344.

We also disagree with the defendant that the trial court's order does not require the State "to make any judgment call whatsoever" as to the photographs to be produced.  To the contrary, the trial court's order specifies that the State must cull "suitable photographs from the many booking photos it has taken in the course of criminal investigations of individuals of every age and description."  The defendant appears to consider "suitable" photographs to be those of white males between the ages of 55 and 75.  The trial court's order also requires the State to produce "a sufficient number" of booking photographs "that could reasonably be part of the photo array."

3

The defendant next asserts that the booking photographs "constituted exculpatory evidence that must be disclosed." However, he then clarifies that the photographs are only exculpatory "if one of them leads [the complainant] to identify an individual other than [the defendant]." Under Brady v. Maryland, 373 U.S. 83 (1963), the State must give the defendant the exculpatory evidence that it possesses. See Petition of State of N.H. (State v. Lewandowski), 169 N.H. at 344. Thus, if the State had shown the complainant a photographic array and the complainant had identified an individual other than the defendant, then Brady would require the State to produce the photographic array to the defendant. But, in this case, there is no already-existing photographic array for the State to produce.

Relying upon civil cases, the defendant argues that the trial court's authority to order the State to produce the booking photographs "stems from its inherent power to regulate the proceedings before it." However, the trial court has no inherent authority to compel the State to gather or obtain evidence for a criminal defendant. See id. at 342.

The defendant also argues that the trial court exercised its statutory authority under RSA 517:13 when it ordered that the State produce the booking photographs. RSA 517:13 provides, in pertinent part, that the court "in its discretion may permit either party to take the deposition of any witness, except the defendant, in any criminal case," upon finding that such deposition is "necessary" as statutorily-defined. RSA 517:13, II. "Any witness" includes the complainant, provided that he or she "has . . . achieved the age of 16 years at the time of the deposition." RSA 517:13, V. Thus, RSA 517:13 authorizes a trial court to allow a discovery deposition of a complainant; it does not empower the court to order the State to produce documents at that deposition.

The defendant asserts that the trial court could have "authorize[d] an additional deposition of the keeper of the records for the Lebanon Police Department" so that he "may obtain the photographs necessary" to create the photographic array. See N.H. R. Crim. P. 13(f), 17(b). We express no opinion as to whether the trial court could have authorized such a deposition or issued a subpoena duces tecum. As in Petition of State of N.H. (State v. Lewandowski), this case is not about the validity of such alternative means, but rather about whether we will "endorse the use of . . . procedural remedies that the trial court does not have the authority to grant under our statutes, our rules of criminal procedure, or the prior decisions of this court." Petition of State of N.H. (State v. Lewandowski), 169 N.H. at 344.

For all of the above reasons, therefore, we grant the petition for a writ of certiorari, reverse the trial court's order that the State provide at the complainant's deposition a sufficient number of booking photographs from

which the defense may create a photographic array, and remand for further proceedings consistent with this order.

Petition granted;
reversed and remanded.

LYNN, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,**
**Clerk**
