# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0022, <u>Petition of State of New Hampshire (State v. Karnes)</u>, the court on January 23, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. In this petition for a writ of certiorari, <u>see</u> <u>Sup. Ct. R.</u> 11, the State seeks review of two orders issued by the Circuit Court (<u>Sadler</u>, J.). In its first order, the trial court placed the negligent driving complaint issued against the defendant, Robert L. Karnes, on file, with a finding, conditioned upon his good behavior for 12 months. <u>See</u> RSA 265:79-b (Supp. 2019). The trial court, however, neglected to check a box indicating whether it found the defendant guilty or not guilty. In its second order, the trial court clarified that its finding did not constitute a conviction. The court also granted partial reconsideration of its initial order by imposing a fine, suspending it "pending the [good behavior] period," and stating that it intended "to dismiss the case if [the defendant] is compliant during the 12 month period." We accepted the State's petition for original jurisdiction and we now affirm the decision of the trial court.

The trial court could have found the following facts. In March 2018, the defendant was pulled over by a police officer, who saw him drive by in a commercial van "that had a large amount of snow on the roof." When asked, the defendant indicated that he was familiar with the law prohibiting driving a vehicle with snow on its roof. The defendant explained to the officer that he had done "the best [he] could" to remove the snow from his roof before "leaving the driveway." Upon being asked to do so, the defendant brushed snow off of the van's roof, and, after receiving the citation, was allowed to drive away.

The defendant was charged by complaint with negligent driving. The complaint alleged that he drove a commercial van "negligently as defined in RSA 626:2, II(d) or in a manner that endangers or is likely to endanger any person or property[,] when he drove [it] with approximately two feet of snow on top of [it]." Following the bench trial, the trial court issued an order that placed the complaint on file with a finding, subject to the condition that the defendant be of good behavior for 12 months. The order provided that if the defendant complied with the condition, "then [the] case will be dismissed," and if he failed to comply with it, then a "sentencing hearing [will] be scheduled." However, the trial court did not check the box specifying whether it had found the defendant guilty or not guilty.

In response to the State's motion to clarify and reconsider, the trial court issued a second order that stated:

> Request to clarify & reconsider granted in part. Court does not consider this a conviction for which annulment & removal from the record is prohibited. The court does grant reconsideration of a sentence. So a $200 fine + $60 [penalty assessment] is imposed but suspended pending the [good behavior] period. The court intends to dismiss the case if [the defendant] is compliant during the 12 month period.

This petition for a writ of certiorari followed.

Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the court's discretion. Petition of State of N.H. (State v. Lewandowski), 169 N.H. 340, 341 (2016); see Sup. Ct. R. 11. Certiorari review entails examining whether the trial court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously. See Petition of State of N.H. (State v. Lewandowski), 169 N.H. at 341. We exercise our power to grant such writs sparingly and only where to do otherwise would result in substantial injustice. Petition of Chase Home for Children, 155 N.H. 528, 532 (2007).

Resolving the issues in this case requires that we engage in statutory interpretation. We review the trial court's statutory interpretation de novo. Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." Id. "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. "We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result." Id. Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole. Id. "This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme." Id. "We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice." Wolfgram v. N.H. Department of Safety, 169 N.H. 32, 36 (2016) (quotation omitted).

The State first argues that the trial court lacked authority to issue its initial order "because there is no statute or court rule that expressly authorizes

a court to place a <u>conviction</u> on file, <u>withhold the finding of guilty</u>, and then continue the case for a fixed period of time, eventually to be dismissed over the State's objection." (Emphases added.) We do not share the State's interpretation of the trial court's initial order.

"The interpretation of a court order is a question of law, which we review <u>de</u> <u>novo</u>." <u>In the Matter of Sheys & Blackburn</u>, 168 N.H. 35, 39 (2015). "In construing a court order, we look to the plain meaning of the words used in the document." <u>Id</u>. "We construe subsidiary clauses so as not to conflict with the primary purpose of the trial court's decree." <u>Id</u>. at 39-40. "As a general matter, a court decree or judgment is to be construed with reference to the issues it was meant to decide." <u>Id</u>. at 40.

Although the trial court neglected to check the appropriate box in its first order, we conclude that the court found the defendant guilty and placed the complaint and its guilty finding on file for a period of 12 months, conditioned upon the defendant's good behavior. As the <u>amici</u> <u>curiae</u> correctly point out, the trial court had the authority to do just that pursuant to RSA 262:42 (2014).

RSA 262:42 provides, "Except as herein otherwise provided, a complaint against a person for the violation of any provision of this title may be placed on file at the discretion of the court, if the violation appears to have been unintentional, or if no person or property could have been endangered thereby." The title to which RSA 262:42 refers is title XXI on vehicles. As the negligent driving statute at issue is part of title XXI on vehicles, we hold that RSA 262:42 applies, and authorized the trial court in this case to place the complaint on file for a period of 12 months, conditioned upon the defendant's good behavior.

The State asserts that RSA 262:42 pertains only to the complaint, and does not allow a court to place a guilty finding on file. We disagree. In the context of RSA 262:42, the word "complaint" includes the issuance of a guilty finding following a bench trial. We disagree with the State that a guilty finding necessarily constitutes a final judgment of conviction. <u>See</u> <u>Deal v. United States</u>, 508 U.S. 129, 131 (1993) (explaining that "the word 'conviction' can mean either the finding of guilt or the entry of a final judgment on that finding"), <u>superseded by statute on other grounds as stated in</u> <u>United States v. Davis</u>, 139 S. Ct. 2319, 2324 n.1 (2019). Instead, we agree with the <u>amici</u> that, in its initial order, the trial court intended there to be a distinction between its finding of guilt and its entry of a final judgment of conviction.

The State next contends that RSA 262:42 does not apply to this case because, in order for it to apply, one of two conditions must be met, and, according to the State, neither is met. The State asserts that in order for RSA 262:42 to apply, either the violation must not have been intentional or no

3

person or property could have been endangered by it.  The State argues that, here, "[t]he only reasonable conclusions the trial court could have reached from [the] evidence were that the defendant intentionally violated the statute, and that doing so could have endangered persons and property."  Thus, the State reasons, because neither of the statutory conditions set forth in RSA 262:42 is met, "the trial court acted outside its authority" by placing the complaint with a finding on file.

We disagree with the State's assertion that the evidence compelled a finding that the defendant intentionally violated the applicable statute.  Rather, in our view, the trial court reasonably could have found, based upon the evidence presented, that the defendant did not act intentionally.  The defendant testified that he was "en route to a no-heat call" and that he "did . . . the best [he] could to get the snow off [his] van with a shovel."  As amici suggest, "the court sustainably could have found that [the defendant] exercised a degree of inattention and blameworthiness consistent with criminal negligence, but not amounting to intentional wrongdoing."  See State v. Dion, 164 N.H. 544, 548-49 (2013) (explaining criminal negligence standard).  For all of the above reasons, therefore, we hold that the trial court had the authority to issue its initial order, which we interpret as placing the complaint and the court's guilty finding on file for a period of 12 months, conditioned upon the defendant's good behavior.

We interpret the trial court's second order as revising its initial order only insofar as the order sets forth the sentence that the trial court intends to impose should the defendant fail to comply with the 12-month good behavior condition.  In all other respects, the trial court's second order did not modify its initial order.  To the extent that the State argues that, in its second order, the trial court intended to enter a final judgment of conviction and impose a conditional discharge, we disagree.  See RSA 651:2, III-a (2016) ("A person convicted of a violation may be sentenced to a conditional or unconditional discharge, or a fine.").  The trial court specifically stated that it did "not consider this a conviction."  Given our interpretation of the trial court's orders, we need not consider the State's remaining arguments.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4