# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0391, <u>Petition of State of New Hampshire</u>, the court on May 21, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Accordingly, we vacate that portion of our August 23, 2019 acceptance order that provided that the case would "be scheduled for oral argument before the full court." We affirm.

The State seeks a writ of certiorari, <u>see</u> <u>Sup. Ct. R.</u> 11, challenging pretrial decisions of the Superior Court (<u>Howard</u>, J.) to deny the States motion to quash a subpoena <u>duces</u> <u>tecum</u> served by the defendant, Mark Oliveri, upon the alleged victim in a criminal matter that the State is currently prosecuting, and to allow the defendant to depose the alleged victim for five additional hours. On appeal, the State invites us to adopt the standard set forth in <u>United States v. Nixon</u> 418 U.S. 683, 699-700 (1974), governing subpoenas <u>duces</u> <u>tecum</u> in federal criminal trials, and argues that, because the defendant's subpoena allegedly did not satisfy <u>Nixon</u>, the trial court erred by enforcing it. Alternatively, the State argues that we "must vacate the trial court's order and remand for further consideration because," according to the State, "the trial court refused to make any findings or to consider any heightened standard" which, the State asserts, ought to apply to a subpoena <u>duces</u> <u>tecum</u> in a criminal case. Finally, the State contends that the trial court erred when it permitted the alleged victim's deposition to continue for five additional hours because, the State claims, the trial court "failed to question the defendant's need for additional time."

"Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the court's discretion." <u>Petition of State of N.H. (State v. Lewandowski)</u>, 169 N.H. 340, 341 (2016). "Certiorari review is limited to whether the trial court acted illegally with respect to its jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously." <u>Id</u>.

The trial court has broad discretion to manage pretrial discovery in a criminal case. <u>See</u> <u>State v. Larose</u>, 157 N.H. 28, 39 (2008). Its discretion includes whether to allow a criminal defendant to depose a third party, including the complaining witness, if the trial court determines that the deposition is necessary "[t]o ensure a fair trial, avoid surprise, or for other good cause shown." <u>N.H. R. Crim. P.</u> 13(b)(2); <u>see</u> <u>State v. Sargent</u>, 148 N.H. 571,

575 (2002).  Moreover, the New Hampshire Rules of Criminal Procedure allow a criminal defendant to serve a subpoena duces tecum upon a complaining witness.  N.H. R. Crim. P. 13(f), 17(b); see Lewandowski, 169 N.H. at 344.  We will not overturn a trial court's decision on a pretrial discovery matter unless the appealing party establishes an unsustainable exercise of discretion. Larose, 157 N.H. at 39.

In this case, the trial court granted the defendant's motion to depose the alleged victim, finding that the deposition was necessary "to ensure a fair trial, avoid unfair surprise, and permit him to prepare an adequate defense."  The State does not challenge that determination.  Thereafter, the defendant served a notice of deposition and subpoena duces tecum upon the alleged victim, requiring the alleged victim to attend a deposition scheduled more than a month after the notice and to produce documents within twenty-seven separate categories at the deposition.  At no point prior to the deposition did the State move to quash the subpoena.

At the deposition, the alleged victim produced only a "small fraction" of responsive documents that were in her possession or control.  Moreover, she testified that she had only begun to look for responsive documents on the Friday before the Monday deposition, despite having been in possession of the subpoena for more than a month.  After the deposition had concluded, counsel for the defendant conferred with the prosecutor as to the prosecutor's availability to continue the deposition, and upon confirming the prosecutor's availability, he served the alleged victim with a new subpoena "because [the defendant's counsel] want[ed] [the alleged victim] back for this deposition with the records."  Counsel for the defendant and the prosecutor then discussed the prosecutor's concern that some of the documents might contain confidential information, and counsel for the defendant agreed that redactions of such documents would be appropriate.  At that point, the prosecutor, for the first time, suggested that the State "may consider filing a Motion on the issue of the documents to be produced under the second Subpoena," and counsel for the defendant suggested that "the State express any concerns or reservations and efforts would be made to seek agreement."

On the following day, the State objected to the continued deposition and moved to quash the subpoena, claiming that counsel for the defendant had mismanaged his time during the deposition and had behaved unprofessionally toward the alleged victim, and arguing that the defendant had not established good cause for a further deposition.  With respect to the documents, the State asserted that although "the Rules of Criminal Procedure provide a reference to serving a *subpoena duces tecum* for a deposition, there is no real explanation of the process for requesting documentation from a witness," that it was "unclear what obligation [the alleged victim] is under to provide documentation for the defense," and that "there is no requirement that specific witnesses produce documentation to the defendant."  The State then asserted that "some of the

2

requested documentation . . . is overly broad and unduly burdensome," but cited only two of the twenty-seven categories as allegedly being overbroad. The State raised no other argument why the defendant was not entitled to production of the documents identified in the subpoena. The defendant filed a lengthy objection, disputing the State's claim that his counsel had behaved unprofessionally or mismanaged his time, arguing that the documents he was seeking, including the two specific categories that the State had specifically challenged, were necessary for his defense and were neither overbroad nor unduly burdensome, and asserting that the further deposition was necessary in order to question the alleged victim regarding the documents she had not yet produced. The trial court denied the State's motion, ruling as follows: "Second deposition limited to 5 hours of questioning (exclusive of two 15 minute breaks and one hour for lunch). Witness shall comply with duces tecum."

The State moved for reconsideration and, for the first time, argued that the defendant had no right to issue a subpoena compelling the production of documents, that the court should adopt Nixon, and that under Nixon, the defendant had not established his right to the documents he was seeking. The defendant objected, observing that the reconsideration motion constituted the State's first challenge to his right to compel production of documents by subpoena. The defendant argued that Nixon is inconsistent with New Hampshire law, and in the alternative, that he had satisfied Nixon. The trial court held an hour-long hearing on the reconsideration motion, during which the defendant offered detailed arguments why the documents he was seeking were necessary to his defense. At the hearing, the trial court observed that "although lengthy, the document production is specific to events that relate to this case." The court asked counsel for the State whether the State had received the subpoena duces tecum when it was initially served, whether the State had moved to quash the subpoena prior to the deposition, and whether it had raised its Nixon argument prior to its motion for reconsideration. Counsel for the State conceded that the State had received the subpoena duces tecum, that the State had not moved to quash the subpoena duces tecum when it was initially served, and that its post-deposition motion to quash had not addressed the Nixon argument "in depth." Counsel for the State claimed, however, that the arguments in the motion to quash that the criminal procedure rules are unclear as to "the process for requesting documentation from a witness" and the alleged victim's "obligation . . . to provide documentation for the defense" effectively encompassed its Nixon argument.

The trial court denied the motion for reconsideration, finding that "[t]he primary argument raised by the State in its motion to reconsider was not initially raised in its motion to quash the second subpoena," and that the court "did not overlook or misapprehend any material point of fact or law in its original order." In context, we construe the trial court's order as having declined to address the merits of arguments raised for the first time in the motion for reconsideration on timeliness grounds. See In the Matter of Salesky

3

& Salesky, 157 N.H. 698, 702 (2008) (stating that interpretation of a trial court order is a question of law, which we review de novo).

The trial court has discretion not to address an argument raised for the first time in a motion for reconsideration on the basis that the argument was not timely raised. See Mortgage Specialists v. Davey, 153 N.H. 764, 786 (2006). In this case, we conclude that the trial court acted well within its discretion by declining to address the State's arguments that the defendant was not authorized to issue a subpoena duces tecum, that Nixon controlled, and that the defendant had failed to meet the Nixon standard. The State was in possession of the subpoena duces tecum for more than a month prior to the deposition, attended the deposition without raising any objection to the subpoena, filed its motion to quash only after the alleged victim had failed to comply with the subpoena at the deposition, and argued in its motion to quash only that the rules were unclear as to "the process for requesting" documents and the witness's obligation to produce them, and that "some" of the document requests – specifically, two of twenty-seven requests – were overbroad and unduly burdensome. Under these circumstances, we cannot say that the trial court's decision not to address the merits of the new arguments raised in the motion for reconsideration was clearly untenable or unreasonable to the prejudice of the State's case. See id. at 789.

Nor can we say that the trial court unsustainably exercised its discretion by enforcing the subpoena and compelling the alleged victim's further deposition to testify regarding documents that she had not yet produced pursuant to the subpoena. The defendant articulated arguments, both in his objection to the motion to quash and at the hearing on reconsideration, why the documents he sought were necessary for his defense, why the requests identified by the State were not overbroad or unduly burdensome, and why it was necessary to continue the deposition in order to question the alleged victim regarding the documents.[1] As the trial court observed, "although lengthy, the document production [requests are] specific to events that relate to this case." Upon this record, we cannot say that the trial court acted illegally with respect to its jurisdiction, authority or observance of the law, or that it unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously by enforcing the subpoena and allowing the defendant an additional five hours to

_____

[1] We reject the State's argument on appeal that the trial court "simply rubber stamped the defendant's request" in this case. In contrast to the defendant's detailed arguments justifying why the documents he sought and further deposition testimony regarding them were necessary to his defense, the State offered little-to-no justification in its motion to quash for not enforcing the document production requirements of the subpoena. Moreover, the trial court provided the State an hour-long hearing on its motion for reconsideration in order to present its arguments why the subpoena should not be enforced. Although the trial court may not have articulated specific findings of fact in enforcing the subpoena, we ordinarily assume that the trial court made all findings necessary to support its decision. See State v. Palermo, 168 N.H. 387, 394 (2015).

4

depose the alleged victim concerning documents she had not yet produced pursuant to the subpoena.  Lewandowski, 169 N.H. at 341.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**